UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Rodney Thomas Day**,

Soc. Sec. No. xxx-xx-2191
Mailing Address: 47 Montague Avenue,
Roxboro, NC 27573-

Bankruptcy Case No.: 09-82078

Debtor.

**Rodney Thomas Day**,

Plaintiff,   A.P. No.: 10-9010

**SunTrust Bank**

Defendants.

## MOTION TO ALLOW AMENDMENT OF COMPLAINT
## AND FOR JOINDER OF PARTY

The Plaintiff, above-named, respectfully alleges as follows:

1. The Complaint in this matter was filed, pursuant to 11 U.S.C. §§ 506, 1322(b)(2), 1335(a)(5) and 1327 (c), and in accordance with Bankruptcy Rule 7001, for the purpose of determining the validity of the lien held by SunTrust Bank.

2. The Defendant SunTrust Bank is a corporation and/or a partnership with an office and principal place of business located at Post Office Box 85092, Richmond, NC 23286-.

3. The prospective Defendant GMAC is a corporation and/or a partnership with, upon information and belief, as evidenced by the North Carolina Division of Motor Vehicles Lien Detail attached to the Proof of Claim filed by Defendant SunTrust Bank, an office and principal place of business located at Post Office Box 8132, Cockeysville MD 21030-8132.

4. Rule 19(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Rule 7019 of the Federal Rules of Bankruptcy Procedure provides that a party "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

   a. in that person's absence, the court cannot accord complete relief among existing parties; or
   b. that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
      i. as a practical matter impair or impede the person's ability to protect the interest; or

      ii.     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

5. Upon information and belief, the GMAC is subject to service of process.

6. Upon information and belief, joinder of the GMAC will not deprive the court of subject-matter jurisdiction.

7. Upon information and belief, in that absence of the GMAC, the court may not be able to accord complete relief among existing parties.

8. Upon information and belief, the GMAC could claim an interest relating to the subject of the action.

9. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 506, 1322(b)(2), 1335(a)(5) and 1327 (c).

10. The Plaintiff owns 2004 Chevrolet Cavalier, vehicle identification number: 1G1JC2F547292356

11. In the Proof of Claim filed on or about January 13, 2010, SunTrust Bank asserts that it holds a lien on said property with a payoff balance, as of the date this case was filed in the amount of approximately $3,766.47.

12. That the Proof of Claim was not in compliance with the requirement of Bankruptcy Rule 3001(d), "accompanied by evidence that the security interest has been perfected."

13. The Proof of Claim includes a Note and Security Agreement between the Debtor and Central Carolina Bank, upon information and belief, the predecessor in interest to Defendant SunTrust Bank. Said Note and Security Agreement is dated September 3, 2004.

14. Also attached to the Proof of Claim is a North Carolina Division of Motor Vehicles Lien Detail, showing that GMAC holds a lien against said vehicle.

15. Said lien detail shows the lien date as August 19, 2004, fifteen (15) days before the consummation of the Note and Security Agreement.

16. That there is no evidence attached to the Proof of Claim indicating that the lien held by GMAC has been sold, assigned or otherwise transferred.

17. That, upon information and belief, the Plaintiff does not owe any obligation to GMAC.

18. Pursuant to N.C.G.S. § 20-59, it is "unlawful and constitute a Class 3 misdemeanor for a lienor who holds a certificate of title as provided in this Article to refuse or fail to surrender such certificate of title to the person legally entitled thereto, when called upon by such person, within 10 days after his lien shall have been paid and satisfied."

19. Accordingly, GMAC should, absent a showing of a remaining obligation owed by the Plaintiff to GMAC (and not to SunTrust), immediately surrender the certificate of title to the Plaintiff.

20. That as a result of this failure to attach evidence that the security interest has been perfected, the Proof of Claim should not be an allowed secured claim.

21. Pursuant to 11 U.S.C. 506 (d) such claim is not being disallowed:
    a. Pursuant to 11 U.S.C. § 502(b)(5), which relates to debts that are unmatured on the date of filing and are excepted from discharge under 11 U.S.C. § 523(a)(5);
    b. Pursuant to 11 U.S.C. § 502(e), which relates to claims for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor; nor
    c. Due only to the failure of any entity to file a Proof of Claim under 11 U.S.C. § 501.

22. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

23. Accordingly, Plaintiff seeks, pursuant to F.R.Civ.P., 15(a) to amend its Complaint as stated above and pursuant to F.R.Civ.P., 19(a) allow the joinder of GMAC as a required party.

**WHEREFORE**, the Plaintiff prays the Court to allow the Plaintiff, pursuant to F.R.Civ.P., 15(a), to amend its Complaint as stated above and also to allow, pursuant to F.R.Civ.P., 19(a), the joinder of GMAC as a required party

Dated: July 27, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
Attorney for the Plaintiff
North Carolina State Bar No.: 23003
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:

**Rodney Thomas Day**,                         Bankruptcy Case No.: 09-82078

Soc. Sec. No. xxx-xx-2191
Mailing Address: 47 Montague Avenue, , Roxboro, NC 27573-
                                    Debtor.

**Rodney Thomas Day**,

                  Plaintiff,     A.P. No.: 10-9010

**SunTrust Bank and GMAC**

                  Defendants.

## CERTIFICATE OF SERVICE

I, Renee Nolte, certify that service of the **MOTION TO ALLOW AMENDMENT OF COMPLAINT AND FOR JOINDER OF PARTY** was made on July 27, 2011 by:

Mail service: **Regular, first class United States mail**, **or Electronically**, addressed to:

| | |
|---|---|
| Richard M. Hutson, II<br>Chapter 13 Trustee<br>Post Office Box 3613<br>Durham, N C 27702 | Michael D. West<br>Bankruptcy Administrator<br>Post Office Box 1828<br>Greensboro, NC 27402 |
| SunTrust Bank<br>**Attn: Managing Agent**<br>Post Office Box 85092<br>Richmond, VA 23286- | GMAC<br>**Attn: Managing Agent**<br>Post Office Box 8132<br>Cockeysville MD 21030-8132 |

Under penalty of perjury, I declare that the foregoing is true and correct.

                                           /s Renee Nolte

                                           Renee Nolte